SA:ACG

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

RAKIEN FIGUEROA,

Defendant.

- - - - - - - - - - - - -X

**15M 825**

AFFIDAVIT AND
COMPLAINT IN SUPPORT OF
APPLICATION FOR ARREST
WARRANT
(18 U.S.C. § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

ANTHONY VIDOT, being duly sworn, deposes and states that he is a Detective with the New York City Police Department duly appointed according to law and acting as such.

On or about August 18, 2015, within the Eastern District of New York, the defendant RAKIEN FIGUEROA, having been convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting commerce a firearm, to wit, a Kel-Tec 9mm Model # PF9 handgun and ammunition.

(Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Detective with the New York City Police Department ("NYPD") and have been involved in the investigation of numerous cases involving firearms offenses. I

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

am familiar with the facts and circumstances set forth below from review of records of the NYPD and my conversations with NYPD officers.

2. On August 18, 2015, two NYPD officers, in plainclothes, were on patrol in an unmarked car in the vicinity of 1165 Stanley Avenue, Brooklyn, New York, when they observed a black GMC Yukon sports utility vehicle that was blocking traffic on Stanley Avenue. One of the officers observed an individual walk along the curb and then step behind the vehicle, as it pulled over to the side of the street.

3. As the officers observed the vehicle, they saw the defendant exit from the driver's side. When the defendant got out of the vehicle, one of the officers observed a black clip that appeared to be the handle of a knife or other weapon in the defendant's waistband area. The same officer observed the defendant reach to his waistband (in the same area where the officer observed the black clip) and then place an object in the front driver's side of the vehicle.

4. One of the officers recognized the defendant as an individual who was wanted for questioning in connection with a prior shooting. Thereafter, the officers circled their car back and pulled up behind the vehicle and got out of their car. As they approached the defendant, one of the officers detected the odor of marijuana in the air and observed that the defendant had a plastic bag of marijuana in his left hands. The officers also observed near the defendant the individual who had been walking along the curb and then had stepped behind the vehicle.

5. One of the officers asked the defendant to sit on the rear bumper of the vehicle, while the officers continued to investigate.

6. As one of the officers looked into the front passenger seat of the black sports utility vehicle, the defendant fled from the back of the vehicle. Both officers chased

after the defendant, leaving the other individual alone by the vehicle. The officers subsequently apprehended the defendant and placed him in handcuffs.

7. While the officers were apprehending the defendant, they observed the other individual removing items from the passenger side of the vehicle. As he was being restrained by the officers, the defendant shouted to the other individual, in sum and substance, "Did you get it out?" Thereafter, one officer remained with the defendant and the second officer placed the other individual under arrest.

8. After placing the defendant and the other individual inside separate police vehicles, one officer returned to look into the passenger side of the vehicle, whereupon, he observed a handgun on the driver's side floor of the car. The officers then removed the handgun from the vehicle and safeguarded it. The handgun recovered was later identified as a Kel-Tec 9mm Model # PF9 and is equipped with a black clip on its side.

9. Subsequently, the officers transported the defendant, the other individual, and the vehicle to Public Service Area 2 ("PSA2"). At PSA2, the defendant and the other individual were processed and an inventory was taken. No other item recovered from the vehicle was equipped with a clip.

10. Based on the knowledge, training, and experience of a Bureau of Alcohol, Tobacco and Firearms special agent, with whom I conferred, the handgun recovered from the vehicle was manufactured outside the State of New York.

11. I have reviewed the defendant's criminal history records and have determined that on April 23, 2002, the defendant RAKIEN FIGUEROA was convicted of assault in the second degree, a class D felony, in violation of New York Penal Law § 120.05, which is a crime punishable by a term of imprisonment of more than one year.

WHEREFORE, your deponent respectfully requests that the defendant RAKIEN FIGUEROA be dealt with according to law.

_____
ANTHONY VIDOT
Detective
New York City Police Department

Sworn to before me this
28th day of August, 2015

_____
THE HONORABLE CHERYL L. POLLAK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK