UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>— against —<br><br>RAKIEN FIGUEROA,<br><br>*Defendant*. | **No. 15-CR-495 (ARR)**<br><br>**Not for print or electronic publication**<br><br>**Opinion & Order** |

ROSS, United States District Judge:

On June 2, 2016, a jury found defendant, Rakien Figueroa, guilty of one count of being a felon in possession of a weapon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Jury Verdict (June 2, 2016); Indictment 1, ECF No. 14. I sentenced Mr. Figueroa to seventy-two months in prison followed by three years of supervised release. Criminal Cause for Sentencing, ECF No. 127. Mr. Figueroa is currently incarcerated at U.S.P. Canaan in Pennsylvania and is scheduled to be released on July 27, 2022. *Inmate Locator*, Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc (last visited February 19, 2021).

Mr. Figueroa now moves *pre se* for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). I deny his motion for the reasons set forth below.

## LEGAL STANDARD

The First Step Act allows criminal defendants to move for "[m]odification of an imposed term of imprisonment" before a federal sentencing court. 18 U.S.C. § 3582(c). To qualify for such relief, defendants must show: (1) that they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [their] behalf," or that thirty days have

1

lapsed "from the receipt of such a request by the warden of [their] facility, whichever is earlier"; (2) that "extraordinary and compelling reasons warrant" a reduction in the term of imprisonment; (3) that these reasons outweigh "the factors set forth in section 3553(a) to the extent that they are applicable"; and (4) that a sentence reduction "is consistent with applicable policy statements issued by the Sentencing Commission." *Id*. § 3582(c)(1)(A); *see United States v. Cato*, No. 16-CR-326 (ARR), 2020 WL 5709177, at *3 (E.D.N.Y. Sept. 24, 2020) (noting that defendant bears the burden of proof). "Even if a defendant carries this burden, district courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *Cato*, 2020 WL 5709177, at *3 (citation and quotation marks omitted).

Accordingly, in determining what constitutes "extraordinary and compelling reasons," a district court has "discretion" to consider "the full slate" of arguments that defendants present to support a sentence reduction. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id*. at 237–38 (quoting 28 U.S.C. § 994(t)).

The Sentencing Commission's policy statement explicating "extraordinary and compelling reasons" under § 3582(c) is not binding on a district court, *see id*. at *6, but it does provide some guidance. Where a defendant seeks a sentencing modification due to medical conditions, the Sentencing Commission suggests that "extraordinary and compelling reasons" may exist in two scenarios: first, where "[a] defendant is suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia"; and second, where "[a] defendant is . . . suffering from a serious physical or medical condition, . . . suffering from a serious functional or cognitive impairment, or . . . experiencing

deteriorating physical or mental health because of the aging process" that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [the defendant] is not expected to recover." U.S. Sentencing Comm'n, U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1(A)(i)–(ii) (2018) ("U.S.S.G.").

Extraordinary and compelling reasons may also exist based on "family circumstances," for example in the event of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* cmt. 1(C). In any scenario, "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." *Id.* cmt. 2.

Even if extraordinary and compelling reasons exist, they must outweigh the 18 U.S.C. § 3553(a) factors to warrant sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.] . . . .
> (5) any pertinent [Sentencing Commission] policy statement . . . .
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

*Id.* § 3553(a).

A sentence reduction is consistent with the Sentencing Commission's policy statements if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided

in 18 U.S.C. § 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). The § 3142(g) factors are largely duplicative of those in § 3553(a), but they also include "whether the offense is a crime of violence" and "the weight of the evidence against the [defendant]." 18 U.S.C. § 3142(g)(1)–(4).

## DISCUSSION

### I. Administrative Exhaustion

In order to obtain compassionate release under 18 U.S.C. § 3582(c), Mr. Figueroa must first show that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf," or that thirty days have lapsed "from the receipt of such a request by the warden of [his] facility, whichever is earlier." § 3582(c)(1)(A). Mr. Figueroa petitioned the warden for compassionate release in December 2020 and the warden denied his request on January 5, 2021, informing Mr. Figueroa that he had the right to appeal the denial via the "administrative remedy process" within twenty days of receiving the warden's response. Inmate Request to Staff Response, Def.'s Mot. Compassionate Release 4 ("Def.'s Mot."), ECF No. 152. Mr. Figueroa has not indicated whether or not he has pursued an administrative appeal of his denial.

District courts are split on whether the "lapse" provision—which states that the exhaustion requirement is met when thirty days have lapsed "from receipt of such a request by the warden"—allows defendants to seek a sentence reduction after thirty days only in cases where the warden has not responded at all, or also in cases where the warden has already denied to the request. *See United States v. Kissi*, 469 F. Supp. 3d 21, 30–31 (E.D.N.Y. 2020) (collecting cases). I am more persuaded by the interpretation that the "lapse" provision is met only when the warden has failed to respond to the inmate's request altogether because this lack of response leaves the defendant without any path to administrative remedy. *See United States v. Thrower*,

No. 04-CR-903 (ARR), 2020 WL 6128950, at *5 (E.D.N.Y. Oct. 19, 2020) (citing *Kissi*, 469 F. Supp. 3d at 31–32 and *Cato*, 2020 WL 5709177, at *4). Therefore, although more than thirty days have passed since the warden's denial of Mr. Figueroa's request, I find that he has likely not exhausted his administrative remedies because there is no indication that he pursued an administrative appeal as directed by the warden. In any case, the question of whether or not Mr. Figueroa has met the administrative exhaustion requirement will not affect the outcome of his motion because, as discussed below, he has failed to establish any extraordinary and compelling reasons for release.

## II. Extraordinary and Compelling Reasons for Release

Mr. Figueroa argues that several factors constitute extraordinary and compelling reasons for release: his heightened risk of becoming ill from COVID-19, his rehabilitation efforts combined with the fact that he has already served the majority of his sentence, and the need for him to take care of his younger brothers and ailing father. I find that none of these circumstances constitute extraordinary and compelling reasons for release. First, although COVID-19 poses a serious threat to the health of inmates housed in federal prisons, Mr. Figueroa has not shown that his own risk is any greater than that of the general inmate population. Courts in this circuit have routinely rejected motions for compassionate release under similar circumstances. *See United States v. Turnbull*, No. 16-CR-809 (VM), 2020 WL 5089439, at *1 (S.D.N.Y. Aug. 28, 2020) ("Numerous courts have found that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release, absent additional factors such as advanced age or serious underlying health conditions that place a defendant at greater risk of negative complications from the disease."); *United States v. Washington*, No. 14-CR-215 (LJV), 2020 WL 1969301, at *4 (W.D.N.Y. Apr. 24, 2020) (finding no extraordinary and compelling reasons for

5

release when the defendant submitted no medical evidence showing that COVID-19 posed an increased risk to him, despite the presence of COVID-19 at defendant's facility); *United States v. Pinto-Thomaz*, No. 18-CR-579 (JSR), 2020 WL 1845875, at *2–3 (S.D.N.Y. Apr. 13, 2020) (recognizing that concerns about the spread of COVID-19 in a crowded prison were justified but finding no extraordinary and compelling reasons when the defendants were "no different from a host of other prisoners" and absent evidence of widespread transmission in the defendants' facilities).

Mr. Figueroa, at age 38, is relatively young. *See Older Adults*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated February 18, 2021). Nor does he suffer from any medical conditions that are known to increase the risk of severe illness associated with COVID-19. *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated February 3, 2021). The only medical condition that Mr. Figueroa alleges he suffers from is kidney stones, Def.'s Mot. 2, 6, which the CDC has not recognized as a high-risk condition. Mr. Figueroa also alleges that he has tested positive for COVID-19, but COVID-19 infection is not known to increase one's risk for contracting the virus again or becoming seriously ill in the future. In fact, cases of reinfection are "rare." *Reinfection*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated October 27, 2020).

Nor do Mr. Figueroa's family circumstances warrant release. Mr. Figueroa "wishes to be [the] caregiver" for his father and younger brothers, alleging that his father, who is a single parent with sole custody of both brothers, "is blind in one eye and is becoming ill to the point he is becoming dependent." Def.'s Mot. 25. Although Mr. Figueroa "wasn't going to reside at his

6

father's home, . . . his father has asked him to so he can help keep a roof over their heads." *Id.* However, without any indication or evidence that Mr. Figueroa is the only possible caretaker for his father and brothers, or that his father is currently incapacitated, I do not find that these circumstances constitute an extraordinary and compelling reason for release. *See United States v. Heaphy*, No. 17-CR-168 (JAM), 2020 WL 5633285, at *4 (D. Conn. Sept. 21, 2020) (finding that although the caretaker of the defendant's children had to balance work, childcare, and schooling during the pandemic, the caretaker was not incapacitated, and therefore no extraordinary and compelling reason for sentence reduction existed); *United States v. Yoda*, No. 15-CR-95 (AJN), 2020 WL 5502325, at *3 (S.D.N.Y. Sept. 11, 2020) (finding that because defendant had not alleged that he was the only other possible caretaker of his ailing father, and had several siblings who may have been able to help with caretaking duties, release was not warranted); *United States v. Vailes*, No. 16-CR-297 (AMD), 2020 WL 3960505, at *3 (E.D.N.Y. July 13, 2020) ("There is no question that a defendant's incarceration is painful and burdensome to family members, who must bear the stress of managing their lives without the defendant's help. It is an unfortunate fact, however, that these burdens are common to almost all families of incarcerated people, and do not constitute extraordinary or compelling factors.").

Finally, although Mr. Figueroa has made rehabilitative efforts during his incarceration, including earning his GED in 2019, Def.'s Mot. 25, "[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason." *Brooker*, 976 F.3d at 237–38.

Because Mr. Figueroa has not established any extraordinary and compelling reasons for release, I need not address the § 3553(a) sentencing factors and must deny his motion for compassionate release.

## CONCLUSION

For the foregoing reasons, Mr. Figueroa's motion is denied.

SO ORDERED.

Dated: February 19, 2021
      Brooklyn, NY

                                                                   /s/
                                                            Allyne R. Ross
                                                            United States District Judge